UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20026-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

v.

FAUSTO AGUERO ALVERADO,

  Defemdamt.
_____/

## UNITED STATES UNOPPOSED MOTION FOR PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY INFORMATION

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against widespread dissemination of the discovery materials and the sensitive information contained therein, which will be disclosed in the above captioned matter. This sensitive information includes records containing personal information of witness as well as sensitive "confidential source" documentation. The government seeks protections that will not impede the defendants' ability to prepare for their defense, but merely will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials. The Government has solicited defense counsel, and they have confirmed they have no objection to the relief sought herein.

In an attempt to protect the sensitive information in the discovery materials, the government proposes the following restrictions be placed on the disclosure and use of the discovery materials in this case:

1. Counsel of record for each defendant shall hold the discovery materials in strict

confidence, disclosing this information to their clients, office staff, investigators, and witnesses (including any experts) only to the extent they believe is necessary to assist in the defense of this matter.

2.  Counsel of record for each defendant shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

3.  Counsel of record for each defendant shall obtain a certification from each person to whom the discovery materials are disclosed, in which the recipient (a) acknowledges the restrictions set forth in the Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the discovery materials and the date on which such information was first disclosed.[1]

On April 7, 2010, the government solicited the positions of defense counsel with respect to the proposed limitations on the dissemination and use of discovery. Counsel has responded and indicated no objection to the proposed limitations.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* Fed R. Crim. P. 16(d)(1). The government does

---

[1] A proposed certification to be used is attached hereto as Exhibit A.

not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See e.g*, *United States v. Fischel*, 686 F.2d1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the government only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's identification information. The proposed Protective Order would have no effect on the defendant's ability to prepare his defense and would serve to protect the sensitive nature of the disclosed materials.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

WHEREFORE the United States of America respectfully moves this Court to issue the

proposed Protective Order.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:   s/ Adam S. Fels
       Adam S. Fels
       Assistant United States Attorney
       Court Id. Number A5501040
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       Tel. (305) 961-9325
       Fax (305) 536-7213
       E-Mail: adam.fels@usdoj.gov

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that, on August 3, 2012, I electronically filed the foregoing document onto the Court's CM/ECF system.

        s/ Adam S. Fels
        Adam S. Fels
        Assistant United States Attorney