UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20026-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FAUSTO AGUERO ALVERADO,

    Defendant.
_____/

## ORDER ON DEFENDANT'S THIRD *BRADY* MOTION

This matter is before the Court on Defendant Fausto Aguero Alverado ("Defendant")'s Third Motion for Specific *Brady* Evidence and Information. [D.E. 80]. The Court has reviewed the motion, the response, and held a hearing on September 20, 2012 during which the parties presented their arguments. For the reasons outlined below, Defendant's motion is **GRANTED** insofar as the Court undertook an *ex parte*, *in camera* review of the relevant materials and directed the Government to disclose certain files, and un-redacted versions of others, that qualified as *Brady* or otherwise discoverable material.

### *I. BACKGROUND*

On January 7, 2011, the Government indicted Defendant for his participation in a drug and gun smuggling conspiracy. [D.E. 1]. On June 12, 2012, Defendant filed a Notice of Intent to Rely on Public Authority Defense. [D.E. 44]. Based on this defense, Defendant asserts that he acted under the authority of the government at all

times relevant to the Indictment and, as a result, he is innocent of (or immune from prosecution for) this alleged conspiracy. However, because most, if not all, of the alleged documents supporting his defense are within the exclusive control of the government, Defendant seeks judicial intervention to secure those documents.

On June 29, 2012, Defendant filed a motion for specific *Brady* and discovery evidence regarding the public authority defense [D.E. 52] and requested a hearing [D.E. 56]. On July 19, 2012, the Court denied Defendant's initial *Brady* request as moot based upon the Government's representation of the imminent production of the requested *Brady* material. [D.E. 59]. The Court denied Defendant's motion *without prejudice* in the event that judicial intervention was required at a later date. *Id.*

On July 12, 2012, Defendant filed a second *Brady* motion seeking additional materials relating to his public authority defense. [D.E. 57].[1] In response, the Government again argued that the motion should be denied because it is aware of and has either fully complied with, or is in the process of complying with, its discovery obligations. On August 6, 2012, the Court again denied Defendant's motion based on the Government's representation that disclosure of all relevant *Brady* material was forthcoming. Again, the Court denied the motion *without prejudice* allowing Defendant to re-file his motion in the event judicial intervention becomes necessary. [D.E. 63].

---

[1] Specifically, Defendant titled the motion as a "Motion for Government to Provide a Full and Complete Response to Notice of Intent to Rely on Public Authority Defense Pursuant to Fed. R. Crim. P. 12.3."

Thereafter, the Government provided Defendant with documents and evidence confirming that at times between 2000 and 2010, the Defendant had in fact worked as an informant for the Drug Enforcement Agency ("DEA") in Central and South America. [D.E. 80 at 1]. Those disclosures led to Defendant's September 12, 2012 *Brady* motion, currently before the Court.

In this motion, Defendant again seeks *Brady* material to support his public authority and other defenses. Specifically, Defendant requests his entire confidential source file, un-redacted copies of any and all "deactivation reports;" an un-redacted copy of the e-mail Bates numbered 6439; un-redacted copy of the documents Bates numbered 6422-6436, 6440 and 6441; un-redacted copies of any email correspondence related to the Defendant authored by United States law enforcement officers; all DEA manuals, manual supplements, memos and standard operating procedures ("SOPs"); and finally Defendant requests an order directing the Government to make inquires with the law enforcement agencies of foreign governments to secure any documents those foreign agencies have relating to the Defendant.

In response, the Government broadly argues that: 1) it has complied with, or is in the process of complying with, its *Brady* obligation; 2) the additional documents that Defendant seeks are immaterial or irrelevant; or, 3) the material is protected by the investigative privilege. As a result, the Government again argues that the Court should deny Defendant's motion.

In light of the upcoming trial date, the Court set this motion for hearing on September 20, 2012. [D.E. 84]. The Court rests its decision on the arguments presented during this hearing.

## *II. LEGAL STANDARD*

It is well-established that there is no general constitutional right to discovery in criminal proceedings. *See, e.g., Weatherford v. Bursey,* 429 U.S. 545, 559 (1977). However, in order to safeguard a defendant's due process rights, certain types of evidence require pretrial disclosure. Among the most important of these is exculpatory evidence that is material to guilt or punishment. *Brady v. Maryland,* 373 U.S. 83, 87 (1963); *see, e.g., Moon v. Head,* 285 F.3d 1301 (11th Cir. 2002). This duty, however, does not extend so far as to require disclosure of neutral, irrelevant, speculative, or inculpatory evidence, *United States v. Lindsey,* 482 F.3d 1285 (11th Cir. 2007); *Carr v. Schofield,* 364 F.3d 1246, 1255-56 (11th Cir. 2004); or of inferences that may be gleaned from the evidence, *United States v. Flores-Sandoval,* 94 F.3d 346, 353 (7th Cir. 1996); or of evidence over which the government has no control, *United States v. Shryock,* 342 F.3d 948, 983 (9th Cir. 2003); or of evidence that is already available to the defense from other sources, *United States v. Cook,* 170 Fed. Appx. 639, 640 (11th Cir. 2006).

A defendant's demand for *Brady* materials, therefore, does not create a broad right of discovery to that evidence which could be deemed relevant to a criminal proceeding. "*Brady* obligates the government to disclose only favorable evidence that

is 'material.' The touchstone of materiality is a reasonable probability of a different result." *United States v. Jordan,* 316 F.3d 1215, 1252 (11th Cir. 2003). That is why purely impeachment evidence will not always meet this standard. *Hughes v. Hopper,* 629 F.2d 1036, 1039 (5th Cir. 1980); *United States v. Darwin,* 757 F.2d 1193, 1202 (11th Cir. 1985) ("Suppressed evidence useful only for impeachment purposes is material if its disclosure probably would have resulted in acquittal."). If, however, the truthfulness or reliability of a given witness will be determinative of guilt or innocence, then impeachment evidence must be disclosed to the defense. *Giglio v. United States,* 405 U.S. 150, 154 (1972) (citing *Napue v. Illinois,* 360 U.S. 264, 269 (1959)).

### III. ANALYSIS

Broadly speaking, Defendant argues that he was a confidential source during part or all of the indictment period. In order to establish this fact, and thus his defense, Defendant requests his entire confidential source file along several other categories of documents. In response, the Government contends that Defendant is only entitled to those exculpatory documents or materials that will refute the theory of the Government's case as outlined in its indictment. To the extent Defendant seeks materials that may support his unique defenses, the Government contends that those requests are "general" discovery requests and thus are beyond the scope of its *Brady* obligation.

Defendant argues, however, that this is a unique case and that discovery already provided bolsters his position that further discovery is due. During the hearing, for

instance, it was disclosed that a redacted document from Defendant's confidential source file supported Defendant's argument that he was a confidential source for a period of the time beyond that conceded by the government (and during the indictment period, which the Government disputes).

The Court concluded that Defendant had raised a colorable argument to doubt whether the Government had disclosed all *Brady* materials. In such a situation, the Eleventh Circuit has noted that the prosecutor should allow the court to review those documents for *Brady* material. *See Jordan*, 316 F.3d at 1252 (when the issue of whether certain material constitutes *Brady* is fairly debatable, "the prosecutor should mark the material as a court exhibit and submit it to the court for *in camera* inspection."); *Julius v. Jones*, 875 F.2d 1520, 1525 n. 2 (11th Cir. 1989) ("… whether a statement is exculpatory and subject to production under *Brady* is not always free of doubt. The safe course for the prosecutor is to produce the statement for *in camera* inspection by the court where there is reasonable cause for doubt.").

In order to resolve this doubt, the Court exercised its discretion and decided to hold an *ex parte*, *in camera* review of the most relevant documents to determine if any documents are discoverable or otherwise *Brady* materials. *See United States v. Valera*, 845 F.2d 923, 927 (11th Cir. 1988) ("Occasionally, it is appropriate for judges to examine personally government files to satisfy *Brady, Giglio*, or Jencks Act.") (citing *United States v. Griggs*, 713 F.2d 672 (11th Cir. 1983) (rejecting the idea that, unless the prosecution has doubts as to the non-existence of *Brady* material, a district judge

has no power to conduct an *in camera* inspection)). A court's decision to review these materials *in camera* "is largely a matter of discretion to be exercised in light of the facts of the case." *Valera*, 845 F.2d at 927.

During the *ex parte, in camera* review of the documents, the Government agreed to disclose certain additional portions of Defendant's confidential source file, which the Government represents it has already done. Based on that stipulation, which largely moots Defendant's challenges to the redactions in the file, the Court finds that the Government has complied with *Brady* and its discovery obligations. Furthermore, because the Court is satisfied with the Government's *Brady* review, especially as it relates to the most relevant *Brady* materials, *ie.*, Defendant's confidential source file, the Court is disinclined to reconvene another hearing to review the additional categories outlined in Defendant's motion. Indeed, with respect to those documents, the Government is more than aware of what the Court considers to be *Brady* and it is thus on notice of its obligations.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Fausto Aguero Alverado ("Defendant")'s Third Motion for Specific *Brady* Evidence and Information [D.E. 80] is **GRANTED** insofar as the Court held an *ex parte, in camera* review of the government's files. The Government shall provide those files deemed *Brady* to Defendant, assuming it has not already done so, by no later than September 28, 2012. With respect to Defendant's request for additional categories of documents, the Court

shall not reconvene this hearing.  The Government instead is directed to review all of its discovery in accordance with the Court's directions during the *in camera* review.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of September, 2012.

>   */s/ Edwin G. Torres*
>   EDWIN G. TORRES
>   United States Magistrate Judge