UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20026-CR-MOORE

UNITED STATES OF AMERICA,

       Plaintiff,

v.

FAUSTO AGUERO ALVERADO,

       Defendant.
_____/

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF DEFENDANT AND DEA AGENT EMAILS AS NOT RELEVANT; AS SELF-SERVING HEARSAY; AND, AS UNDULY PREJUDICIAL UNDER RULE 403

The United States of America hereby files this Motion in Limine to Preclude the Introduction of Emails by defendant Fausto Aguero Alverado ("defendant") of various emails involving his own communications with DEA agents, or communications between and among DEA agents, as not relevant under Fed. R. Evid. 402, as self-serving inadmissible hearsay under Fed. R. Evid. 802, and under Fed. R. Evid. 403, due to the confusion and undue prejudice that the emails will cause.  The United States further incorporates by reference its arguments in its initial brief and reply brief of the Motion to Preclude Public Authority Defense, currently pending before the Court, as many of the same issues raised in that motion pertain to the evidence that is the subject of this motion.

Background

On November 21, 2012, counsel for defendant informed government counsel of the defense intent to introduce as defense exhibits at trial, a broad range of emails.[1] The government has requested to know under what theory or rule of evidence the defense believes the emails to be admissible, and has received no response. The vast majority of these emails do not involve the defendant as a sender or recipient and there is no rule of evidence that appears to allow their introduction by the defense. As such, the government is filing this motion *in limine* to promptly bring this issue to the Court's attention.[2]

These emails were produced by the government to the defense in discovery, and involve, primarily, DEA agents discussing defendant's purported cooperation efforts with the DEA during time-periods that pre-date the charged conduct in this case.[3] In effect, the introduction of these emails appears to be aimed first at advancing defendant's public authority defense but without laying the proper foundation for this defense. The emails, and more importantly the details and nature of defendant's cooperation with the DEA prior to the charged conduct in this case, are simply not relevant. The government has separately moved to exclude this public authority defense for failure to lay a proper foundation, among other things.

Second, defendant appears to seek to introduce these emails as a means of shifting the focus of this trial, and making this trial about the DEA's conduct, including its communications surrounding various other matters that are *not* related to the charged conspiracy in this case. The government has acknowledged that for a limited period of time in 2008, defendant was a

---

[1] The defense provided the government with a binder of numerous emails that are not consecutively paginated or Bates-numbered. Certain of the emails have hand-written numbers on the side, but it is unclear whether the numbers relate to entire email chains or to certain emails within an entire email chain.

[2] The government does not object to certain of the emails, however it is not clear that defendant can validly introduce them under any applicable rule of evidence. For example, certain of the emails were authored by defendant himself and the government intends to introduce certain emails as statements of a party-opponent.

[3] As the government has previously pointed out, the criminal case charged here was investigated by U.S. Immigration and Customs Enforcement ("ICE"), not the DEA. The DEA agents who had contact with defendant prior to the charged conspiracy had nothing to do with the investigation of this case.

2

confidential informant, but that defendant was deactivated well before the charged conspiracy in this case. At no point during the pretrial proceedings has defendant explained how he was authorized to engage in the meetings and transactions involved in this case, who authorized him to do so, and what the scope and time-period of that authorization was, in his view.

Third, a few of the emails relate to the time-period of the charged conspiracy and constitute self-serving statements by the defendant. Well after defendant had ceased cooperating with the DEA and had ceased to provide information concerning his meetings, transactions and activities, when defendant learned of the arrest of one or more co-conspirators in this case, he sent certain self-serving communications to his prior DEA agents as a means of trying to discover whether he was a target, and/or lay the groundwork for a future public authority defense. It is improper for defendant to seek to introduce these emails.

## Legal Argument

### A. Defendant's Emails From Prior to the Charged Conspiracy and Emails Pertaining to Agent to Agent Communications Should be Excluded As Irrelevant Under Rule 402

As U.S. Magistrate Judge Edwin G. Torres pointed out in his Order dated November 20, 2012, regarding defendant's public authority defense, defendant has failed to provide an adequate notice of such a defense, including to comply with 12.3(a)(2) to provide the law enforcement agency, agency member, and time period during which the defendant claims to have acted with the public authority. (*See* D.E. 127, at 3) (noting that defendant has failed to provide the government with the name, address and telephone number of any witness upon which the defendant intends to rely to support his public authority defense). As the government has pointed out, the defendant may "not use the defenses of entrapment by estoppel or public authority, unless he could show that he relied on official government communications before

3

acting in a manner proscribed by law." *United States v. Johnson*, 139 F.2d 1359, 1365 (11th Cir. 1998).

Here, defendant has failed to adhere to Federal Rule of Criminal Procedure 12.3 with regard to the public authority defense. Information pertaining to defendant's cooperation with the DEA prior to the charged conduct is simply not relevant to the issues that will be properly before the jury. Instead of complying with Rule 12.3, defendant is determined to barrel ahead with this defense despite his failure to identify any person who would testify that he was specifically authorized to engage in the meetings, transactions and other conduct that constitute the criminal charge here; point to any communication that indicates that he was so authorized; or, explain the time-period and scope of his purported authorization that amounted to public authority.

Emails pertaining to the time-period prior to the charged conspiracy, or that relate to discussions among DEA agents as to defendant's whereabouts or other investigations, are simply not relevant and should be excluded under Fed. R. Evid. 402. This case is about the charged conspiracy, not the DEA's policies and procedures or what the defendant may have done prior to the time-period of the charged conspiracy.

B.  <u>Emails Defendant Seeks to Introduce Amount to Self-Serving Hearsay</u>

While the government may seek to introduce some of the emails the defense has pointed to that relate to the time-period of the charged conspiracy, under Rule 801(d)(2), there is no applicable rule or exception that allows defendant to introduce self-serving hearsay—whether it be his own prior self-serving statements or communications involving law enforcement to law enforcement discussions. Under Fed. R. Evid. 802, defendant should not be allowed to introduce agent to agent communications, or his own prior emails, as hearsay, absent some exception. *See United States v. Delgado*, 903 F.2d 1495, 1500 (11th Cir. 1990) (upholding exclusion as hearsay

of "self-serving statement designed to exculpate [defendant] from conspiracy"). Of course, if defendant testifies or if the emails pertain to a witness's testimony, it is possible that the emails may be used in some fashion under applicable rules, but not necessarily introduced.

### C. Emails Should Be Exclude Under Rule 403 As Attempt to Confuse Jury and Alter Trial Focus

Even if defendant were to convince the Court that his emails prior to the charged-conspiracy, or the agent-to-agent emails, or his self-serving emails at the end of the conspiracy, were somehow relevant, and could fit within a hearsay exception, the emails should be excluded for the danger of confusion of the issues at trial, and undue prejudice. This case is about defendant's participation in the charged conspiracy and the defendant should not be allowed to make improper use of materials provided during discovery.[4] As can be seen from Magistrate Judge Torres's Order of November 20, 2012, defendant has not even provided proper notice of a public authority defense, let alone described what communication he relied upon in order to believe that he was authorized to engage in the charged conduct, as required by *Johnson*, 139 F.3d at 1365.

Because these emails constitute an attempt to make this case about the DEA and other extraneous matters, rather than whether the defendant participated in the charged conduct (or are patently self-serving hearsay), the emails should be excluded under Rule 403.

---

[4] Many of the emails are redacted, as they were produced to the defense by the government and redacted subject to applicable discovery rules. The government is further concerned that, should any of the emails be admitted, the defense will seek to make improper use of the redactions by somehow claiming before the jury that the redactions were improper.

Conclusion

For the reasons set forth above, the United States respectfully requests that the Court prohibit the defense from seeking to introduce the defendant's emails, or agent-to-agent emails, without first obtaining the permission of the Court, and that the emails otherwise be excluded as not relevant under Fed. R. Evid. 402, as self-serving inadmissible hearsay under Fed. R. Evid. 802, and under Fed. R. Evid. 403, due to the confusion and undue prejudice that the emails will cause.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   *s/ Jerrob Duffy*
Jerrob Duffy
Assistant United States Attorney
Court No. A5501106
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132
Tel: (305) 961-9273
Fax: (305) 530-5321
jerrob.duffy@usdoj.gov

Adam S. Fels
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2012, the undersigned electronically filed the foregoing document using CM/ECF.

*s/ Jerrob Duffy*
Jerrob Duffy
Assistant United States Attorney