UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-20026-CR-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FAUSTO AGUERO ALVERADO,

    Defendant.
                                    /

**DEFENDANT'S RESPONSE TO
GOVERNMENT'S MOTION *IN LIMINE* [DE 130] TO PRECLUDE
ADMISSION OF DEFENDANT AND DEA AGENT E-MAILS**

The Defendant, through undersigned counsel, submits the following response to the Government's Motion *In Limine* to Preclude Admission of Defendant and DEA Agent E-mails. [DE 130].

## I. BACKGROUND

Mr. Aguero has advanced a defense based on his written and oral agreements with law enforcement agents of the United States Government as an undercover source. Mr. Aguero asserts a public authority, entrapment by estoppel and innocent intent defense as recognized by the Eleventh Circuit Court of Appeals in *United States v. Baptista-Rodriguez,* 17 F.3d 1354, 1368 n. 18 (11th Cir. 1994); *United States v. Grajales*, 450 Fed. Appx. 893 (11th Cir. 2012).

In the spring of 2008 the Defendant, Fausto Aguero Alvarado, made contact with DEA agents stationed in the United States Embassy in Bogota, Columbia. Mr. Aguero provided significant intelligence regarding individuals who were trafficking in drugs and weapons. Mr. Aguero wanted to work as an undercover source for the DEA and he was ultimately signed up as an official DEA undercover source. Significantly, some of the individuals who were originally discussed and targeted in 2008 are the same people who are now listed as Mr. Aguero's co-defendants in this case.[1]

From 2008 to November 2010 Mr. Aguero worked as a DEA undercover source on numerous investigations involving the trafficking of illegal drugs and weapons. While working as an undercover source, Mr. Aguero communicated with the DEA agents at prearranged meetings, by direct telephone conversations, text messages and e-mails. In furtherance of these investigations Mr. Aguero traveled to Columbia, Honduras and Panama. Some of these investigations resulted in viable intelligence and others were successful in capturing major international criminals who were extradited, convicted and are now serving lengthy sentences here in the United States.

The e-mails produced by the government are the contemporary memorialization and best evidence of the pattern and practice of communication which existed in the relationship between Mr. Aguero and the agents and between the agents regarding Mr. Aguero.

---

[1] Co-defendants McField-Bent and Miguel Villela

**The E- Mails**

Counsel has attached to his response a copy of the e-mails which he seeks to introduce into evidence. See Attachment A. The e-mails are numbered and listed in chronological order. All of the e-mails contained in the exhibit (Attachment A) were provided by the government in discovery and their authenticity is not contested by the government.

The e-mails can be divided into two categories: those written and exchanged between Mr. Aguero and the agents, and those that were written and exchanged between the agents regarding Mr. Aguero but not sent to Mr. Aguero.

## II. LEGAL ARGUMENT

1. **The e-mails between Mr. Aguero and the agents are admissible.**

    A. **Fed. R. Evid. 801: Hearsay**

The e-mails between Mr. Aguero and the agents are **not hearsay** as defined in Fed. R. Evid. 801 Definitions; Exclusions. To be hearsay, Fed. R. Evid. 801(c)(2) requires that the evidence be offered to prove the truth of the matter asserted in the statement. Mr. Aguero does **not** intend to introduce the e-mails for the truth of statements contained in the e-mails. Mr. Aguero intends to introduce the e-mails correspondence between himself and the agents to corroborate their effect on **his** state of mind. *United States v. Jiminez,* 564 F.3d 1280, 1288 (11th Cir. 2009); *United States v. Marzec,* 283 Fed. Appx. 740, 2008 WL 2503644 (C.A. 11(Ga.); *United States v. Issa,* 265 Fed. Appx. 801, 2008 WL 395045 C.A. (Ala.)

The e-mails between Mr. Aguero and the agents are **not hearsay** based on Fed. R. Evid. 801(d)(2)(A)(C) and/or (D). Under subsection (A) the e-mails are not hearsay because

they are statements offered against an opposing party and were made by the party in a individual or representative capacity. *United States v. Siddiqui,* 235 F.3d 1318, 1323 (11th Cir. 2000). Under subsection (C) the e-mails are not hearsay because they are statements offered against an opposing party and were made by a person whom the party authorized to make statements on the subject. Under subsection (D) the e-mails are not hearsay because they are statements offered against an opposing party and were made by the party's agent on a matter within the scope of that relationship and while the relationship existed. If the government challenges Mr. Aguero's ability to lay the proper foundation, Mr. Aguero requests the government make the agents available to testify regarding the foundational requirements.

    **B.**  **Fed. R. Evid. 406: Habit; Routine Practice**

The e-mails between Mr. Aguero and the agents are admissible under Fed. R. Evid. 406 Habit; Routine Practice. Habit and routine practice are circumstantial evidence which the defendant may introduce to show that he acted in accordance with the habit and not with criminal intent. *United States v. Sheffield,* 992 F.2d 1164 (11th Cir. 1993); *United States v. Hurn,* 368 F.3d 1359 (11th Cir. 2004).

    **C.**  **Fed. R. Evid. 613(b): Impeachment**

The government agrees that the e-mails can be used for impeachment purposes in the event that the declarant testifies.

    **D.**  **Fed. R. Evid. 803(6): Business Records**

The e-mails are admissible under the business records exception to the rule against

hearsay. The e-mails were made at or near the time indicated by someone with knowledge, the e-mails were kept in the ordinary course of business, the drafting and retention of e-mails was a regular practice by the agents and there is no reason to doubt their authenticity or trustworthiness. In the event that the Government contests that the e-mails are admissible under Fed. R. Evid. 803 (6), Mr. Aguero requests the government make the agents available to testify regarding the foundational requirements.

### III.  LEGAL ARGUMENT

**1.  The e-mails between the agents regarding Mr. Aguero are admissible.**

**A.  Fed. R. Evid. 613(b): Impeachment**

The government agrees that the e-mails can be used for impeachment purposes in the event that the declarant testifies.

**B.  Fed. R. Evid. 803(6): Business Records**

The e-mails are admissible under the business records exception to the rule against hearsay. The e-mails were made at or near the time indicated by someone with knowledge, the e-mails were kept in the ordinary course of business, the drafting and retention of e-mails was a regular practice by the agents and there is no reason to doubt their authenticity or trustworthiness. In the event that the Government contests that the e-mails are admissible under Fed. R. Evid. 803(6), Mr. Aguero requests the government to make the agents available to testify regarding the foundational requirements.

The e-mails contained in Attachment A are essential to establish Mr. Aguero's defense. The e-mails are the best evidence of the nature and scope of Mr. Aguero's

relationship with government agents which will be a major issue in the case. Mr. Aguero believes they are relevant and admissible under the Federal Rules of Evidence. The government's motion *in limine* should be denied or in the alternative, deferred until they can be resolved by the district court in the context of the trial.

        Respectfully submitted

        **MICHAEL CARUSO**
        **FEDERAL PUBLIC DEFENDER**

By: */s/ Anthony J. Natale*
    Supervisory Assistant Federal Public Defender
    Florida Bar No.: 296627
    150 W. Flagler Street, Suite 1500
    Miami, Florida 33130-1556
    (305) 533-4255, Tel.
    (305) 530-7120, Fax
    E-mail:anthony_natale@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    */s/ Anthony J. Natale*