UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20026-CR-MOORE/TORRES

UNITED STATES OF AMERICA

v.

FAUSTO AGUERO ALVERADO,

    Defendant.
_____/

## ORDER

    This matter is before the Court on the motion of the United States for an ex parte in camera hearing to determine whether the United States must disclose certain e-mails in discovery and/or to review redactions to e-mails. The United States requested ex parte review of such materials pursuant to *United States v. Jordan,* 316 F.3d 1215 (11th Cir. 2003), and *United States v. Valera,* 845 F.2d 923 (11th Cir. 1988), specifically to determine whether the government's proposed redactions are appropriate in light of the government's obligations pursuant to Federal Rule of Criminal Procedure 16, *Brady*, *Giglio*, or otherwise. The e-mails provided by the government as part of this motion bear Bates Nos. 7134-88.

    A hearing on the government's motion was conducted, at which the parties argued the relative issues involving these documents. The Court also conducted an ex parte hearing at that time with defense counsel to ascertain with greater specificity the

relevance that the defense believed these documents may have in the case and the details supporting the Defendant's theory of defense. Such hearing was necessary in order to better determine whether, in fact, redacted information contained within the emails and documents at issue disclosed relevant or potentially admissible information necessary to the defense.

Finally, following that hearing the Court completed its ex parte, in camera review of the documents, with both the redacted produced versions and the original unredacted documents for comparison purposes. The Court previously determined that the documents generally were discoverable. Now, in light of the entire record in this case and having the benefit of ex parte review of those documents, the Court finds that the government's redactions are appropriate and compliant with this Court's earlier Order to provide necessary information to the defense, while also protecting the producing party's confidential or privileged information. Specifically, the Court finds that the overwhelming number of redactions involved pertain to identifying information belonging to agents and officials of the government, as well as others who have no relation to the indictment at issue. The Court found that very few redactions had any substantive effect on the tenor of the documents themselves, and as to those few occasions where substantive redactions were made they were consistent with the Court's discovery order by identifying and disclosing only those portions of the documents that had some relationship to the issues involved in this case. We, therefore, find that no material changes should be made to the documents already produced to the Defendant.

DONE and ORDERED in Chambers at Miami, Florida this 25th day of June, 2013.

*/s/  Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge