UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-20026-CR-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FAUSTO AGUERO ALVERADO,

    Defendant.

_____/

**DEFENDANT FAUSTO AGUERO ALVERADO'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

    The Defendant, Fausto Aguero Alverado, through undersigned counsel files the following objections to the Presentence Investigation Report ("PSI").

**Objection to Paragraph 7:**

    This paragraph incorrectly infers that Mr. Aguero received $3000.00 U.S. Dollars. This money was actually given to the co-defendant, William McField-Bent.

**Objection to Paragraph 26: Enhancement for Directing the Use of Violence**

**I.    The application of U.S.S.G. § 2D1.1(b)(2) for an offense committed in 2009 violates the Ex Post Facto clause of the United States Constitution**

    According to the PSI, Mr. Aguero is subject to an upward adjustment for "using violence, making a credible threat of violence, or directing the use of violence." *See* U.S.S.G. § 2D1.1(b)(2) (Nov. 2012). This is incorrect. Under U.S.S.G. § 1B1.11(b)(1), "If the court determines that the use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in

effect on the date that the offense of conviction was committed." *See* U.S.S.G. § 1B1.11(b)(1). Because Mr. Aguero is subject to a larger sentence under the Guideline Manual now in effect than he would face under the guideline in operation at the time of the commission of the offense, the earlier guideline must be applied.

According to the PSI, the relevant conduct upon which this enhancement is based occurred in late-July 2009. PSI ¶ 7. At the time of this offense, there was no upward adjustment for "us[ing] violence, mak[ing] a credible threat to use violence, or direct[ing] the use of violence." This specific upward adjustment was attached to the Fair Sentencing Act of 2010 and was not effective until November 1, 2010, over a year after Mr. Aguero's relevant conduct took place.

In a recent opinion, the United States Supreme Court held that the *ex post facto* clause is violated when the current Guideline Manual alters the formula used to calculate a defendant's guideline range in a way that creates a "significant risk" of a greater sentence than the Guidelines in effect at the time of the offense. *Peugh v. United States*, __U.S.__, 133 S.Ct. 2072, 2088 (2013). In *Peugh*, Peugh was convicted and sentenced in 2009 for five counts of bank fraud that occurred in 1998. *Id*. at 2078. Under the 1998 Sentencing Manual, the base offense level for the offense was 6 and the enhancement for the loss amount was 13, which would have resulted in an adjusted offense level of 21 after a two point upward adjustment for obstruction of justice. *Id*. However, Peugh was sentenced under 2009 Guidelines, which increased his base offense level to 7 and his upward adjustment for the loss amount to 18. *Id*. After adding two points for obstruction of justice, this subjected Peugh to base offense level of 27, a 6 point increase from the 1998 Guideline Manual.

The Supreme Court held that although the sentencing guidelines are now advisory, *see United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738 (2005), a court is still required to use the

adjusted guideline range as the basis for its sentence. *Id*. at 2083. Furthermore, even though *Booker* provides a judge with a level of discretion in sentencing outside the guidelines, the law still allows only for deviation from the guidelines when it is reasonable. *Id*. Therefore, when an amendment to the Guidelines "enhanc[es] the measure of punishment by altering the substantive 'formula' used to calculate the applicable sentencing range," this creates a "significant risk of a higher sentence." *Id*. at 2088. (internal quotations omitted). This result offends the *ex post facto* clause and requires reversal.

If Mr. Aguero's guideline range is permitted to be calculated under the current sentencing manual, effective as of November 2012, then his base offense level would be 42. This would subject Mr. Aguero to a guideline range of 360-Life. If the court finds that appropriate guideline is the Sentencing Manual effective as of November 2008, then his offense level would be 40. With a Criminal History Category I, this would subject Mr. Aguero to a guideline range of 292-365 months incarceration. Because the upward adjustment outlined in paragraph 26 of the PSI did not exist in the sentencing guidelines until November 1, 2010, Mr. Aguero's adjusted base offense level increased by two points, subjecting him to a greater penalty at sentencing than at the time of the offense, in violation of the *ex post facto* clause of the United States Constitution. U.S. Const. Art. I, § 9, cl. 3. Accordingly, it is the sentencing manual at the time of his offense that should be applied.

**II.    Mr. Aguero never used violence, made a credible threat of violence, nor did he ever direct the use of violence under the plain meaning of U.S.S.G. § 2D1.1(b)(2)**

In spite of the fact that the *ex post facto* clause precludes the application of the 2012 Guideline Manual to Mr. Aguero's case, the behavior described by the PSI does not rise to the level

3

required to apply the § 2D1.1(b)(2) enhancement.

According to the PSI, during a meeting that took place in late-July 2009, Mr. Aguero proposed that the CS, someone he believed to have a violent disposition, attempt to collect money from a woman called Lina Grandet ("Grandet"). PSI ¶ 7. The PSI states that Mr. Aguero emailed the CS a picture of Grandet and directions to her home so that the CS could collect the money. *Id*. Later, at trial, Mr. Aguero acknowledged that the request could have placed Grandet in danger. *Id*.

The facts used in the PSI do not support the application of the § 2D1.1(b)(2) enhancement. Under § 2D1.1(b)(2), a two-level enhancement is warranted "If the defendant used violence, made a credible threat to use violence, or *directed the use of violence*." *See* U.S.S.G. § 2D1.1(b)(2) (Nov. 2012) (emphasis supplied). Here, Mr. Aguero merely suggested to the CS that money be collected from Grandet. Mr. Aguero neither ordered nor suggested to the CS that the money should be collected in a violent manner, nor did he ever suggest the use of a weapon. In addition, Mr. Aguero was not in a position of authority over the CS, in fact, to the contrary, Mr. Aguero's role was more analogous to an informational intermediary between the CI and the CS. Mr. Aguero did not have the authority to direct the CS to action and thus could only suggest how tasks within the criminal enterprise be delegated, and could not order the specific manner in which tasks were carried out.

Furthermore, the facts do not suggest that there would have been any reason to collect the money from Grandet violently. There were never any previous unsuccessful attempts to collect or any other indication that violence would be necessary to accomplish the return of the money owed. The mere fact that Mr. Aguero suggested to a co-defendant that he ask an individual, whom he believed to be capable of violence, to collect the money does not constitute a direction to act in a violent manner. Moreover, individuals involved in drug trafficking often have violent criminal

4

histories.  Interpreting this provision to include "directing the use of violence" as any act delegated by the Defendant to someone with a violent criminal past, would be far too broad and too attenuated from the conduct that the plain meaning of the language intended to punish.  For the foregoing reasons, Mr. Aguero should not be subject to the 2-level upward adjustment under § 2D1.1(b)(2) as recommended by the PSI.

As a result, the proper calculation of his guideline is an offense level of 40 and an advisory guideline range of 292-365 months.

Defendant will be filing a separate Sentencing Memorandum requesting a variance from the advisory guideline range.

                RESPECTFULLY SUBMITTED,

                **MICHAEL CARUSO**
                **FEDERAL PUBLIC DEFENDER**

By:   */s/ Anthony J. Natale*
        Supervisory Assistant Federal Public Defender
        Florida Bar No.: 296627
        150 W. Flagler Street, Suite 1500
        Miami, Florida 33130-1556
        (305) 533-4253, Tel.
        (305) 530-7120, Fax
        E-mail:anthony_natale@fd.org

**CERTIFICATE OF SERVICE**

   I HEREBY certify that on September 5, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                   */s/ Anthony J. Natale*